**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE CLYDE MEZZLES, | No. 16-56781 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-07430-JVS-KES |
| v. | |
| JOHN N. KATAVICH, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,[**] Chief
District Judge.

Wayne Clyde Mezzles appeals from the district court's denial of his Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Mr. Mezzles was convicted

of inflicting corporal injury upon a spouse, possession of a deadly weapon, four

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barry Ted Moskowitz, Chief United States District
Judge for the Southern District of California, sitting by designation.

counts of criminal threats, and two counts of assault. He was sentenced in accordance with California's Three Strikes Law and is currently serving an aggregate 80-years-to-life in state prison. Mr. Mezzles challenges his conviction on the grounds that the prosecutor's misconduct in examining the defense expert witness violated his right to due process and a fair trial. He also challenges his sentence under the Eighth Amendment to the United States Constitution. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

As a threshold matter, the parties dispute whether Mr. Mezzles' prosecutorial misconduct claim is barred under California's procedural default doctrine. The Court of Appeal held that Mr. Mezzles forfeited his claim under California law because he failed "to request another admonition." Under California law, "[i]n order to preserve a claim of misconduct, a defendant must make a timely objection and request an admonition; only if an admonition would not have cured the harm is the claim of misconduct preserved for review." *People v. Williams*, 56 Cal.4th 630, 671 (2013) (quoting *People v. Alfaro*, 41 Cal.4th 1277, 1328 (2007)). When sitting as a habeas court, the Ninth Circuit "generally respects state court determinations of state law." *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007). However, where a state court's interpretation is "clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of

rights guaranteed by the Constitution," the Ninth Circuit has recognized an exception. *Id.* (quoting *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982)).

Here, Mr. Mezzles' trial counsel objected over a dozen times to the prosecutor's misconduct, but never requested a jury admonition. On the prosecutor's last attempt at asking an improper question, the trial court sua sponte admonished the prosecutor and directed the jury to disregard the question. After the expert witness was dismissed, Mr. Mezzles' trial counsel moved for a mistrial based on the prosecutor's misconduct. The trial court denied the motion because it believed admonishing the prosecutor in front of the jury was sufficient to cure any possible harm. While California courts have permitted imperfect compliance, we need not reach the issue of whether here the claim is procedurally defaulted because the claim fails on its merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same.").

On its merits, Mr. Mezzles' claim fails because the misconduct was harmless. The Court of Appeal held that the prosecutor "engaged in deliberate misconduct dedicated to the evasion, or outright defiance, of the court's ruling and admonitions." However, the court decided that under any standard, the

prosecutor's misconduct was harmless given the trial court's jury instructions and presumption that the jurors understood and followed those instructions.

It is clearly established law under Supreme Court precedent that a prosecutor's actions constitute misconduct if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "When a [*Chapman v. California*, 386 U.S. 18 (1967)] decision is reviewed under AEDPA, 'a federal court may not award habeas relief under § 2224 unless *the harmlessness determination itself* was unreasonable.'" *Rademaker v. Paramo*, 835 F.3d 1018, 1023 (9th Cir. 2016) (quoting *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015)). However, because on habeas review prosecutorial misconduct warrants relief only if it "had substantial and injurious effect or influence in determining the jury's verdict," the Ninth Circuit often finds it sufficient to only address this question. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Deck v. Jenkins*, 814 F.3d 954, 985 (9th Cir. 2014) ("Because it is more stringent, the *Brecht* test 'subsumes' the AEDPA/*Chapman* standard for review of a state court determination of the harmlessness of a constitutional violation."); *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (applying the *Brecht* standard to prosecutorial misconduct claim).

The prosecutor's deliberate misconduct was harmless for several reasons. First, the trial court instructed the jury that "[n]othing the attorneys say is evidence" and that it must "decide what the facts are in this case," using "only evidence that was presented in this courtroom." The trial court also instructed the jury on specific intent and the People's burden of proving it for the criminal threat counts. Under Supreme Court precedent, a jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Second, while the jury did ask two questions related to the criminal threat counts, none indicated confusion or a particular struggle over the specific intent element. Though the length of jury deliberations may be examined when assessing harmlessness, given the charges, a two-day deliberation is not enough to find that no fairminded jurist would agree that the prosecutor's misconduct was harmless. *Cf. United States v. Velarde-Gomez*, 269 F.3d 1023, 1036 (9th Cir. 2001) (en banc) (finding that a four-day jury deliberation for a two-count drug importation and possession case was relatively lengthy and suggested a difficult case).

Lastly, the weight of the evidence suggests that Mr. Mezzles did not suffer actual prejudice. Mr. Mezzles argues that the testimony supported that he could not form a specific intent because he was intoxicated and suffered from PTSD at the time of the crimes. However, the witnesses also testified to facts that support a jury's finding of specific intent. For example, when Mr. Mezzles learned that his

stepdaughter called the police, he returned to the master bedroom and stated "now that I'm going to jail for good, I'm going to kill you." Accordingly, in light of the evidence, the jury instructions, and the trial court's vigilance in sustaining Mr. Mezzles' objections, he has not been able to demonstrate that the Court of Appeal's decision was objectively unreasonable or that the prosecutor's misconduct "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637–38.

Mr. Mezzles also challenges his sentence, arguing that it is in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Relying on *Rummel v. Estelle*, 445 U.S. 263, 274 (1980), the Court of Appeal rejected Mr. Mezzles' contention that his sentence is grossly disproportionate to his offense and violates the Eighth Amendment. It stated that "[s]ince [his] strikes include violent offenses, the justification for a lengthy sentence here is more compelling than in *Rummel*."

Supreme Court precedent has established "gross disproportionality" as the controlling principle in assessing a petitioner's Eighth Amendment claims. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). In non-capital cases, the court must first compare the gravity of the offense with the severity of the sentence to determine whether it is one of the "rare" cases which leads to an inference of gross disproportionality. *See Graham v. Florida*, 560 U.S. 48, 59–60 (2010). If the

sentence gives rise to such an inference, the court next compares the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* at 60. Therefore, in order for Mr. Mezzles to be entitled to relief, he must demonstrate that it was objectively unreasonable for the Court of Appeal to determine that this is not one of the rare cases which leads to an inference of gross disproportionality. *See id.*

While Mr. Mezzles' 80-years-to-life sentence is harsh, given Mr. Mezzles' triggering violent offense and criminal history, we cannot say that it is contrary to or an unreasonable application of clearly established law under AEDPA's stringent standards. *See* 28 U.S.C. § 2254(d). Mr. Mezzles' triggering conviction is for inflicting corporal injury upon a spouse, possession of a deadly weapon, making criminal threats, and misdemeanor assaults. This is certainly not "one of the most passive felonies a person could commit." *Solem v. Helm*, 436 U.S. 277, 296 (1983). Indeed, it is substantially more serious than a conviction for obtaining money under false pretenses, for uttering a false check, or for theft. *See Rummel*, 445 U.S. at 275–76; *Solem*, 463 U.S. at 281; *Ewing v. California*, 538 U.S. 11, 17–19 (2003); *Andrade*, 538 U.S. at 77; *Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004).

16-56781

Moreover, his prior convictions underlying the sentence enhancements were violent as well. Mr. Mezzles was convicted in 1999 for punching a homeless, wheelchair-bound man in the face and taking his money pouch after the man refused to give Mr. Mezzles money to buy beer. Mr. Mezzles initially received probation for the offense but was eventually sentenced to six years in state prison due to numerous probation violations. In 2007, Mr. Mezzles was convicted for criminal threats when he left his girlfriend a drunk message threatening to cut her throat. Mr. Mezzles was on parole for the 1999 conviction when he committed the 2007 offense. He was sentenced to probation and was still on probation when he committed the triggering offense. Mr. Mezzles also has other prior convictions which include violent offenses such as misdemeanors for corporal injury upon a spouse and battery. Therefore, given that his triggering offense and prior convictions were for violent crimes, we conclude that the Court of Appeal's decision rejecting this claim was not objectively unreasonable. *See Andrade*, 538 U.S. at 70–71.

**AFFIRMED**.